

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Attention:  J. B. Draper

Dear Sir:                    Opinion No. 0-4878
                             Re:  Is a motor vehicle engaged in
                                  the transportation of passen-
                                  gers for hire or for lease op-
                                  erating in the city limits of
                                  an incorporated town required
                                  to be equipped with a fire ex-
                                  tinguisher?

          We are in receipt of a letter from Chief J. B.
Draper of your department of September 24, 1942, addressed
to the Attorney General of Texas from which we quote in part:

          "We respectfully request that your depart-
     ment give us an opinion as to whether or not a
     motor vehicle engaged in the transportation of
     passengers for hire or for lease operating in
     the city limits of an incorporated town would
     be required to be equipped with a fire extin-
     guisher."

          Article 827a, Section 9, Penal Code of the State
of Texas, provides in part:

          "Every motor vehicle engaged in the transpor-
     tation of passengers for hire or lease shall be
     equipped with at least one quart of chemical type
     fire extinguisher in good condition and conven-
     iently located for immediate use."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Director, page 2

While the Beaumont Court of Civil Appeals in
Schoenmann v. Otey, 126 S. W. (2d) 681, upheld the con-
tention that Article 827a, Section 10, Penal Code of Texas,
governs the operation of vehicles on rural highways only
and not within the limits of an incorporated city, Section
10 expressly limits its application to that "portion of
any highway, outside of any incorporated town or city."
Because of this express limitation contained in Section
10, this case cannot be construed as authority to confine
the application of Section 9 to rural highways alone.

The purpose of the statutory requirement that
motor vehicles carry a fire extinguisher is for the safety
of the passengers of commercial vehicles and the users of
the highway. The act must be construed to effectuate to
the fullest extent the obvious intention of the legisla-
ture deeming such policy expedient and necessary. To con-
fine the application of this safety requirement to vehi-
cles operating solely upon the rural highways would dwarf
the protection the legislature has afforded to commercial
passengers, and to confine the application of Section 9
below the reasonable interpretation of the act as a whole.

Article 827a, Penal Code of Texas, is replete
with specific exceptions that certain sections thereof
apply only to rural highways. Section 3(c), for example,
provides that no vehicle shall exceed a certain length
"unless operated exclusively within the limits of an in-
corporated city or town." Underlining supplied. Like-
wise, limitations to the general definition that a public
highway includes both city streets and rural roads were
expressly inserted in Sections 5 and 7a, where reference
is made only to the "public highways outside the limits of
an incorporated city or town." It would be strange, indeed,
if public highways included only rural highways that the
legislature would specify repeatedly that certain sections
of the act apply only to that portion of the public high-
way outside of an incorporated city. Such exceptions nec-
essarily indicate the significant fact--that public high-
ways generally include both rural highways as well as city

streets. This interpretation of the term "public high-
ways" is consonant with the accepted definition of pub-
lic highway in Article 8C2, Penal Code of Texas (including
drunken driving statute), Nichols v. State 49 S. W. (2d)
783; Article 6701, Section (g), Revised Civil Statutes of
Texas of 1925, Fletcher v. Bordelon 56 S. W. (2d) 3133;
Article 7065, Section (g), Revised Civil Statutes of 1925
(the motor fuel tax law); State v. the City of El Paso,
143 S. W. (2d) 366; 35 Words and Phrases 113.

You are therefore advised that Article 827a,
Section 9, Penal Code of Texas, not confining its appli-
cation to rural highways alone in respect to the require-
ment that motor vehicles transporting passengers for hire
or lease shall be equipped with a chemical type fire ex-
tinguisher, applies to motor vehicles so operating on the
public highway either within or without the limits of an
incorporated city.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

By *Stewart W. DeVore*

Stewart W. DeVore

APPROVED NOV 10, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN
